UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ERIC RAEDEKE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-319 CDP |
| | ) | |
| JILL HANLEY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted. Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff Eric Raedeke is a resident of Marion County, Missouri, living at Levering Regional Health Care Center. On June 13, 2007, the Circuit Court of Marion County, Probate Division, declared respondent to be totally incapacitated due to disability as defined in Missouri Revised Statute § 475.010. *See In re: Eric A. Raedeke*, No. 07MR-PR00050 (Marion County filed Mar. 22, 2007). In the petition for appointment of guardians, petitioners stated that Mr. Raedeke suffers from schizoaffective disorder and his health, safety, and welfare requires supervision. *See In re: Eric A. Raedeke*, No. 07MR-PR00338 (Marion County filed Mar. 22, 2007). For this reason, the Missouri state court appointed Barbara Raedeke and Lois Schubert as co-guardians and co-conservators of plaintiff with full powers as provided by law. *Id.* Since 2007, plaintiff has been appointed several different guardians, and his current guardian is defendant Jill M. Hanley, Public Administrator, St. Louis City. *See Id.* (filed Jun. 6, 2017). Plaintiff's guardian files annual status reports in the Circuit Court of the City of St. Louis, which are reviewed and approved by the Circuit Court. *Id.* (filed Jun. 14, 2018). The most recent annual status report was filed May 11, 2018, and was approved by the Circuit Court on June 14, 2018. *Id.*

On February 22, 2018, plaintiff filed with this Court an action for violation of his constitutional rights under 42 U.S.C. § 1983. In his complaint, plaintiff states that unnamed people are forcing him to take medications against his will and forcing him to be in a lockdown facility. He seeks to remove the guardianship imposed upon him so that he can live independently.

**Discussion**

Plaintiff's action to restore him to capacity and have his guardianship lifted is barred by the *Rooker-Feldman* doctrine. Under this doctrine, federal courts lack subject matter jurisdiction over "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings are commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine provides that a federal district court lacks jurisdiction to consider a claim which "in effect constitutes a challenge to a state court decision." *Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003). This is so because federal district courts "exercise original, not appellate, jurisdiction." *Exxon Mobil*, 544 U.S. at 283.

Here, plaintiff seeks review and rejection of the state court judgment of total incapacity due to disability entered in Marion County Circuit Court on June 13, 2007. The *Rooker-Feldman* doctrine prohibits exactly this type of case. The relief requested by plaintiff would effectively reverse the state court decision adjudicating plaintiff as totally incapacitated under Missouri law. *See, e.g.*, *Peterson v. Arnold*, 2009 WL 2972486, at *4 (D. Minn. Sept. 10, 2009) (holding *Rooker-Feldman* doctrine prohibits a plaintiff's § 1983 complaint requesting review and rejection of state court judgment imposing a guardianship). For this reason, the Court will dismiss plaintiff's complaint for lack of subject matter jurisdiction.

To the extent plaintiff seeks to allege he is being forcibly medicated and forced into a lockdown facility, these claims will be dismissed as frivolous because the complaint contains only conclusory allegations and fails to allege any facts, which if proved, would afford a basis for granting relief. "Civil rights pleadings should be construed liberally. At the very least, however, the complaint must contain facts which state a claim as a matter of law and must not be

conclusory." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). Plaintiff does not allege that either defendants Jill Hanley or Patty Berger are forcibly medicating him or forcing him to be on lockdown. Nor does he list any specific instances of any such conduct. Because these claims are conclusory, the Court will dismiss them as frivolous under § 1915(e)(2)(b).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 6th day of July, 2018.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE